## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | | |
| **SUHAIL SALAMEH FAKHOURI** | ) | | |
| | ) | **No.** | **21-13888** |
| | ) | | |
| | ) | **Chapter 13** | |
| **Debtor** | ) | | |
| | ) | **Hon. Janet S. Baer** | |

---

## NOTICE OF MOTION

---

**TO: SEE ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that on **January 21, 2022** at the hour of **9:30 A.M.** or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge Janet S. Baer, then and there present the attached **MOTION TO DISMISS CASE and BAR FROM REFILING**

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted.

**To appear and be heard on the motion, you must do the following:**

**To appear by video, use this link: https://www.zoomgov.com/.** Then enter the meeting ID and password below.
**To appear by telephone, call Zoom for Government at (669) 254-5252 or (646) 828-7666**. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site: https://www.ilnb.uscourts.gov/judge-janet-s-baer-geneva-schedule

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Daniel Rubin
Daniel S. Rubin, Attorney for Movant
Dated: January 13, 2022

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | | |
| **SUHAIL SALAMEH FAKHOURI** | ) | | |
| | ) | **No.** | **21-13888** |
| | ) | | |
| | ) | **Chapter 13** | |
| **Debtor** | ) | | |
| | ) | **Hon. Janet S. Baer** | |

## SERVICE LIST

**Trustee**
**Glenn B Stearns**
801 Warrenville Road Suite 650
Lisle, IL 60532
(Via ECF)

**Debtor's Counsel**

**David Freydin**
Law Offices of David Freydin Ltd
8707 Skokie Blvd
Suite 312
Skokie, IL 60077
(Via ECF)

*U.S. Trustee*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
(Via ECF)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | | |
| **SUHAIL SALAMEH FAKHOURI** | ) | | |
| | ) | **No.** | **21-13888** |
| | ) | | |
| | ) | **Chapter 13** | |
| **Debtor** | ) | | |
| | ) | **Hon. Janet S. Baer** | |

## MOTION TO DISMISS CASE and BAR FROM REFILING

Now Comes Phoenix REO, LLC ("Phoenix"), by and through its attorney Daniel Rubin of Howard & Howard Attorneys, PLLC and requests dismissal of the above case pursuant to 11 U.S.C. §§ 109(e) and 1307(c). In addition, Phoenix requests that this Court determine that Debtor's petition was not filed in good faith, and bar Debtor from filing a subsequent bankruptcy pursuant to 11 U.S.C 349(a) and 11 U.S.C 105(a). In support of said requests, Phoenix states as follows:

### INTRODUCTION

On the eve of a foreclosure sale of his home, Debtor filed this bankruptcy case with a petition that omitted tens of millions of dollars of debt owed to Phoenix. Debtor – who is an ineligible person for relief under Chapter 13 of the Bankruptcy Code because of his debt levels – should be barred from filing future bankruptcies as a sanction for his bad faith and willful disregard of debts that he had actual knowledge of.

### STATEMENT OF JURISDICTION

1. This matter was referred to this Court pursuant to Northern District of Illinois Internal Operating Procedure 15(a).

2.    A motion to dismiss a bankruptcy is a core matter which this Court has jurisdiction to enter a final order. 28 U.S.C. §157(b)(2)(A).

## FAKHOURI'S DEBTS TO PHOENIX EXCEED 14 MILLION DOLLARS AS OF THE PETITION DATE

3.    A judgment in the amount of $13,001,480.48 (the "Law Judgment") in favor of Phoenix against Fakhouri was entered on March 16, 2016. A true and correct copy of the Law Judgment is attached to this Motion as "Exhibit 1." As detailed in the Illinois Appellate Court's opinion regarding the Law Judgment, Fakhouri, through counsel, contested entry of the Law Judgment, and also appealed the decision. *Nat'l Republic Bank of Chicago v. DCR Mgmt. LLC*, 2017 IL App (1st) 161603-U, ¶ 23 (attached hereto as "Exhibit 2"). The Illinois Appellate Court affirmed entry of the Law Judgment. As detailed in Phoenix's proof of claim, there was $13,054,314.24 due from Fakhouri, as of the Petition Date.

4.    In addition to the Law Judgment, another judgment was entered against Fakhouri in favor of Phoenix, and that judgment (the "Deficiency Judgment") totaled $317,748.31 as of the Petition Date. A true and correct copy of the Deficiency Judgment is attached hereto as "Exhibit 3." Fakhouri appeared through counsel in the case where the Deficiency Judgment was entered. A copy of the appearance in that case is attached to this Motion as "Exhibit 4."

5.    Beyond the $13,372,062.55 in judgments entered against him in favor of Phoenix, Debtor is also signatory to a certain Note secured by a Mortgage on his home located at 609 Rosedale Avenue, Roselle, Illinois (the "Property"). A judgment of foreclosure in the amount of $1,143,838.73 was entered against the Property by the Circuit Court of the Eighteenth Judicial Circuit (DuPage County) on April 16, 2019. A true and correct copy of the Judgment of Foreclosure is attached to this Motion as "Exhibit 5." As of the Petition Date, the amount of the Judgment of Foreclosure (with statutory interest and advances made by Phoenix) totals

$1,471,492.09. The value of the Property is approximately $510,000.00, based upon a broker's opinion attached hereto as "Exhibit 6." Debtor, in Schedule D of his Petition, asserts that the Property is worth $895,000.00.

## FAKHOURI'S PETITION WAS FILED A DAY BEFORE THE JUDICIAL SALE OF THE PROPERTY AND OMITS ALL DEBT TO PHOENIX, EXCEPT THE JUDGMENT OF FORECLOSURE

6.   Debtor's petition was filed on December 8, 2021, which was one day before the scheduled judicial sale of the Property. A true and correct copy of the Notice of Sale sent to Fakhouri is attached hereto as "Exhibit 7." As a result of Debtor's bankruptcy filing, the judicial sale was cancelled.

7.   Debtor's petition completely omits the Law Division Judgment and the Deficiency Judgment as scheduled debts. In his Petition, the Debtor falsely states that he has **$0.00** in unsecured claims. (Dkt No. 1, Petition, P. 20, Schedule E/F, attached hereto as "Exhibit 8").

8.   As of the filing date of this Motion, Debtor has failed to provide the Chapter 13 Trustee with sufficient documentation and the 341 Meeting scheduled for January 12, 2022 did not occur.

## ARGUMENT

### I.   DUE TO THE SIZE OF HIS DEBTS, DEBTOR IS NOT AN ELIGIBLE PERSON UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

Debtor, due to the size of his unsecured debts, is not eligible to be a Chapter 13 debtor, and that fact should have been obvious to both Debtor and his counsel prior to the filing of the Petition. 11 U.S.C. 109(e).  Pursuant to Section 109(e) of the Bankruptcy Code, only persons with less than $419,275 in noncontingent, liquidated, and unsecured debt and $1,257,850 in noncontingent, liquidated, secured debts "may be a debtor under chapter 13 of this title." 11 U.S.C. 109(e).

Section 109 is an "important gatekeeping role" which specifies "who qualifies—and who does not qualify—as a debtor under various chapters of the Code.' *Puerto Rico v. Franklin California Tax-Free Tr.*, 579 U.S. 115, 127 (2016). The purpose of the debt limitation contained in Section 109(e) "is to ensure that only relatively small debtors invoke the streamlined provisions of chapter 13. *In re Glance*, 487 F.3d 317 (6th Cir. 2007).

Here, the $13,372,062.55 in unsecured debt represented by the Law Judgment and Deficiency Judgment exceeds the $419,275.00 cap by over $12,900,000.00. Said figure does not include the unsecured portion of Phoenix's claim against the Property; it is either $961,492.09 based on Phoenix's valuation of the Property or $576,492.09, depending if Debtor's valuation of the Property is used.

Ordinarily, the determination of amount of debt would be governed by the Debtor's schedules, however a Court can look to extrinsic evidence to "ensure that the schedules were prepared in good faith." *In re Allegretti*, 582 B.R. 735, 738 (Bankr. N.D. Ill. 2018). Here, it is painfully obvious that Debtor's schedules were not prepared in good faith; Debtor makes the specious assertion that he owed zero in unsecured debts while he had actual notice of the various judgments entered against him. The filing of a petition claiming zero unsecured debts while Debtor actually had millions of dollars in unsecured debt is the epitome of bad faith.

## II.     DEBTOR'S BAD FAITH FILING OF THE PETITION WARRANTS SANCTIONS

Debtor's bad faith in filing a petition that is woefully deficient should warrant sanctions. Specifically, Phoenix requests, pursuant to 11 U.S.C. 349(a) and 11 U.S.C 105(a), that this Court dismiss this case with prejudice, or at least bar subsequent bankruptcy filings for at least 2 years. Dismissal with prejudice is warranted in "extreme situations, such as when a debtor conceals

information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." *In re Hall,* 304 F.3d 743, 746 (7th Cir. 2002). In addition, the Seventh Circuit has held that bankruptcy courts have authority under Section 105(a) to enter a bar period longer than 180 days. *In re Dempsey*, 247 Fed. Appx. 21, 25 (7th Cir. 2007). Here the Debtor has acted in bad faith by filing a woefully deficient petition, omitting millions of dollars in debt that he had actual knowledge of, in an (successful) attempt to delay a foreclosure sale from a foreclosure judgment that was entered in 2019. This Court should bar Fakhouri from filing future bankruptcy petitions to prevent him from further abusing the bankruptcy process; it is clear that he has no respect for the bankruptcy process and is willing to lie under oath to file baseless bankruptcy petitions to prevent the sale of his home.

WHEREFORE, Phoenix REO, LLC respectfully asks that this Court dismiss this case with prejudice, and bar Debtor from filing another bankruptcy petition, and any other relief this Court deems just and proper.

Respectfully submitted

Dated: January 13, 2022

**PHOENIX REO, LLC,** BY ONE OF ITS ATTORNEYS
By:_____ */s Daniel S. Rubin*____
**Daniel S. Rubin ARDC #6293669**
**Howard & Howard Attorneys PLLC**
200 S. Michigan Ave. Suite 1100
Chicago, IL 60604
drubin@howarandhoward.com
Telephone:  (312)456-3448